UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALENCIA F. JONES,<br>    Plaintiff,<br>v.<br>UNITED PARCEL SERVICE, INC. (OHIO)<br>and ROY MATHEWS,<br>    Defendants. | No. 3:15-CV-1315-K (BF) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Defendant United Parcel Service, Inc. (Ohio)'s ("UPS") Motion to Dismiss Under Rule 12(b)(5) [ECF No. 27] ("Rule 12(b)(5) Motion to Dismiss"), and Defendant Roy Mathews's ("Mathews") Re-Urged 12(b)(6) Motion to Dismiss [ECF No. 35] ("Rule 12(b)(6) Motion to Dismiss"). For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** the Rule 12(b)(5) Motion to Dismiss [ECF No. 27] and the Rule 12(b)(6) Motion to Dismiss [ECF No. 35].

### BACKGROUND

Valencia F. Jones ("Plaintiff") filed this suit on April 28, 2015 against UPS and Mathews alleging that Mathews, a Center Manager at UPS, discriminated against her based on her age, race, and sex. *See* Am. Compl. [ECF No. 33 at 2, 4]. Plaintiff contends that Mathews wrongfully terminated her on July 8, 2014. *See id.* [ECF No. 33 at 3]. Plaintiff states that Mathews did not discipline younger female drivers and permitted them to choose their routes. *See id.* [ECF No. 33 at 3]. Plaintiff also states that Mathews followed her during her routes and called her from his cellular phone asking where she was and how many stops she had left. *See id.* [ECF No. 33 at 3]. Plaintiff further states that Mathews told her to quit her job if she did not like the way he disciplined her and

that he questioned her ability to be a full-time driver for UPS. *See id.* [ECF No. 33 at 3]. Plaintiff states that Mathews retaliated against her after she filed grievances against him by giving her discipline letters and wrongfully terminating her. *See id.* [ECF No. 33 at 3]. Plaintiff states that Mathews hired younger female drivers to perform the same tasks as Plaintiff at a rate of $18.00/hour whereas Plaintiff's rate was $28.70/hour. *See id.* [ECF No. 33 at 3]. Plaintiff contends that, prior to Mathews becoming her manager, she did not have any issues with the staff at UPS, and she never received any disciplinary actions. *See id.* [ECF No. 33 at 4]. Plaintiff seeks damages and to be reinstated in her prior position as a full time driver for UPS, but at a different location. *See id.* [ECF No. 33 at 4].

## ANALYSIS

### Rule 12(b)(5)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(5), UPS moves to dismiss this action against it based on defective service of process. *See* Mot. to Dismiss [ECF No. 27 at 6]. Rule 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff,' or the lack of delivery of the summons and complaint." *Bunch v. Mollabashy*, No. 3:13-CV-1075-G, 2015 WL 1378698, at *4 (N.D. Tex. Mar. 26, 2015) (quoting *Tinsley v. Comm'r of Internal Revenue Service*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998); citing FED. R. CIV. 12(b)(5)). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4[.]" *Id.* (citing *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)).

Rule 4(h) states that service upon corporations, partnerships, or associations in the United States shall be made:

> (1) pursuant to the law of the state in which the district court is located, or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant.

*PCM Sales, Inc. v. Quadbridge, Inc.*, No. 3:14-CV-2806-L, 2016 WL 407300, at *4 (N.D. Tex. Feb. 3, 2016) (citing FED. R. CIV. P. 4(h)(1)). Furthermore, Rule 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

FED. R. CIV. P. 4(m).

UPS argues that Plaintiff's claims against it should be dismissed, because the ineffective service was caused by Plaintiff's failure to act in response to the Court's order that directed Plaintiff to provide information necessary for service upon UPS. *See* Mot. to Dismiss [ECF No. 27 at 4-5]. UPS points out that, because Plaintiff listed Labor Manager, 10455 Monroe Drive, Dallas, TX 75229 as the person to be served for UPS, the Court, on May 21, 2015, issued an order stating that Plaintiff may seek leave to request service upon UPS after determining the name of the person who should be served. *See* Order [ECF No. 10]. UPS argues that, while the Court issued the May 21, 2015 order well before the expiration of the service period under Rule 4(m), Plaintiff failed to provide the Court the name of the person who should be served nor sought leave to request service for UPS. *See* Mot. to Dismiss [ECF No. 27 at 4]. UPS contends that Plaintiff's failure to provide the name of the person to be served caused defective service upon Sonja Jackson, a non-managerial employee at UPS's corporate headquarters on November 20, 2015. *See id.* [ECF No. 27 at 2 & n.1, 4]; Order [ECF No.

23]. UPS argues that the November 20, 2015 service was untimely, because the Court's October 1, 2015 order stated that service should be completed within 30 days, and Ms. Jackson was not authorized to receive service under Rule 4(h). *See* Mot. to Dismiss [ECF No. 27 at 2 n.1]. UPS argues that Plaintiff's status as a *pro se* and *in forma pauperis* litigant does not excuse the defective and untimely service, because it was caused by Plaintiff's inaction, not the U.S. Marshal's. *See id.* [ECF No. 27 at 2].

As UPS points out, dismissal of Plaintiff's claims against it under Rule 12(b)(5) would not penalize Plaintiff for the service failure of the US Marshal, but would be warranted due to Plaintiff's inaction. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("In this case, Rochon was aware that Dr. Dawson had not been served as of August 21, 1986, as evidenced by Rochon's first motion to reinstate after dismissal of his suit, apparently for failure to timely effect service. Despite this knowledge, Rochon failed to request service on Dr. Dawson after the district court's admonition on January 9, 1987, that the proper defendant, Dr. Dawson, had not yet been served. As a result, when Rochon's claim was dismissed for failure to prosecute, he was not being penalized for the failure of the U.S. Marshal and the clerk of the court to effect service on Dr. Dawson, but instead because of inaction and dilatoriness on his part."); Mot. to Dismiss [ECF No. 27 at 4-6].

On May 8, 2015, the Court issued a questionnaire directing Plaintiff to name the person whom Plaintiff seeks to have served on behalf of UPS. *See* Questionnaire [ECF No. 7 at 2]. Because Plaintiff failed to provide the name of the individual to be served for UPS, the Court issued an order on May 21, 2015 stating that Plaintiff may seek leave to request service upon UPS after determining the name of the person who should be served. *See* Order [ECF No. 10]. As argued by UPS, the Court's May 21, 2015 order put Plaintiff on notice that the Court lacked sufficient information for

proper service upon UPS, but Plaintiff failed to take any action. *See* Mot. to Dismiss [ECF No. 27 at 6]. Plaintiff also failed to file a response to UPS's Rule 12(b)(5) Motion to Dismiss explaining why she failed to take any action. "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon*, 828 F.2d at 1110. Upon consideration of the foregoing, the undersigned recommends that the District Court grant UPS's Rule 12(b)(5) Motion to Dismiss and dismiss without prejudice Plaintiff's claims against UPS.

## Rule 12(b)(6)

Pursuant to Rule 12(b)(6), Mathews seeks dismissal of Plaintiff's claims against him which allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). *See* Mot. to Dismiss [ECF No. 35 at 2]. A court may dismiss a complaint under Rule 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Mathews argues that the Court should dismiss Plaintiff's Title VII and ADEA claims against him, because both statutes provide that only employers may be held liable and not individuals who work in management for the employers. *See* Mot. to Dismiss [ECF No. 35 at 2-3]. Plaintiff's Amended Complaint alleges that Mathews discriminated against her in his capacity as her supervisor

for UPS. *See* Am. Compl. [ECF No. 33 at 1-5].

> Title VII provides for liability only as to an employer, as defined in the statutes, not an individual supervisor or fellow employee. . . . And the United States Court of Appeals for the Fifth Circuit's cases make plain that the term employer does not include a hiring or supervisory official in his personal or individual capacity. . . . An official capacity suit is redundant of any suit against the employer, and a plaintiff may not maintain a discrimination action against both the employer and supervisor.

*Brewer v. Lavoi Corp.*, No. 3:13-CV-4918-N (BN), 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994); *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)) (internal quotation marks omitted). Furthermore, "Courts interpret the . . . ADEA consistent with the provisions of Title VII." *Id.* (citing *Webster v. Bd. of Supervisors of Univ. of La. Sys.*, No. 13-6613, 2014 WL 3899554, at *4 (E.D. La. Aug. 8, 2014); *Appleberry v. Fort Worth Indep. Sch. Dist.*, No. 4:12-CV-235-A, 2012 WL 5076039, at *4-5 (N.D. Tex. Oct. 17, 2012)). *See also Stoker-Hill v. Greyhound Lines, Inc.*, No. 3:08-CV-1456-L, 2009 WL 348274, at *4 (N.D. Tex. Feb. 11, 2009) ("The ADEA authorizes lawsuits against employers only. . . . It is clear from Plaintiff's Complaint that Walker and Douglas are supervisory personnel. '[T]he ADEA provides no basis for individual liability for supervisory employees.' . . . Accordingly, to the extent Plaintiff seeks to assert an ADEA claim against Walker and Douglas, such claim will be dismissed with prejudice." (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); citing 29 U.S.C. § 623(a))). Therefore, the undersigned recommends that the District Court grant the Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's claims against Mathews with prejudice. *See Brewer*, 2014 WL 4753186, at *3; *Stoker-Hill*, 2009 WL 348274, at *4.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** the Rule 12(b)(5) Motion to Dismiss [ECF No. 27] and dismiss Plaintiff's claims against UPS **without prejudice**, and further **GRANT** the Rule 12(b)(6) Motion to Dismiss [ECF No. 35] and dismiss Plaintiff's claims against Mathews **with prejudice**.

**SO RECOMMENDED**, this ___ day of _____, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).